O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAIME LAO, JR., | ) | NO. EDCV 11-00084-MAN |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff filed a Complaint on January 10 2011, seeking review of the denial of plaintiff's application for a period of disability and disability insurance benefits ("DIB"). On February 11, 2011, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on October 3, 2011, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that his decision be affirmed or, alternatively, remanded for further administrative proceedings.
//

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On April 11, 2007, plaintiff protectively filed an application for a period of disability and DIB. (Administrative Record ("A.R.") 23.) Plaintiff, who was born on May 4, 1958 (A.R. 31),[1] claims to have been disabled since May 25, 2006 (A.R. 23), due to cervical spondolosis, degenerative disc disease, osteoarthritis, neck pain and stiffness, headaches, high blood pressure, heel spurs, foot pain, right hand tremors, anxiety, and "nervousness [which] affects concentration" (A.R. 27, 78, 82).

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 23, 78-86), plaintiff requested a hearing (A.R. 87). On June 29, 2009, plaintiff, who was represented by Brenda Anderson, "a non-attorney representative," appeared and testified at a hearing before Administrative Law Judge Michael D. Radensky (the "ALJ"). (A.R. 23, 33-75.) Medical expert Arthur Lorber, M.D., and vocational expert Sandra M. Fioretti also testified. (Id.) On August 19, 2009, the ALJ denied plaintiff's claim (A.R. 23-32), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-5). That decision is now at issue in this action.

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff met the insured status requirements of

---

[1] On the alleged disability onset date, plaintiff was 48 years old, which is defined as a younger individual. (Id.; citing 20 C.F.R. § 404.1563.) Plaintiff is now in the closely approaching advanced age category. (Id.)

2

the Social Security Act through December 31, 2011. (A.R. 25.) The ALJ also found that plaintiff has not engaged in substantial gainful activity since May 25, 2006, the alleged onset date of his disability. (*Id.*) The ALJ determined that plaintiff has the severe impairment of "multilevel degenerative disc disease of the cervical spine." (*Id.*) He also found that plaintiff's "mental impairment of mood disorder does not cause more than minimal limitation in [plaintiff]'s ability to perform basic mental work activities and is therefore nonsevere." (*Id.*) The ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525, 404.1526). (A.R. 26.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform less than a full range of light work as defined in 20 C.F.R. § 404.1567(b). (*Id.*) Specifically, the ALJ found that plaintiff:

> can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for up to six hours in an 8-hour workday; he can sit for six hours in an 8-hour workday; he can do occasional overhead work bilaterally; he must avoid exposure to excessive vibration; he can climb stairs or ramps but not ladders, ropes, or scaffolds; and he can do no fine fingering with his right hand.

(*Id.*)

The ALJ concluded that plaintiff is unable to perform his past relevant work.[2] (A.R. 30.) However, based on his RFC assessment and after having considered plaintiff's age, education,[3] work experience, and the testimony of the vocational expert, the ALJ found that jobs exist in the national economy that plaintiff could perform, including "information clerk," "sorter grader," and "ticket taker." (A.R. 31.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from May 25, 2006, through the date of the ALJ's decision. (A.R. 32.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

---

[2] In his decision, the ALJ noted that plaintiff had past relevant work as an industrial and environmental engineer. (A.R. 30.)

[3] The ALJ found that plaintiff has at least a high school education and is able to communicate in English. (A.R. 31.)

4

1     Although this Court cannot substitute its discretion for that of
2 the Commissioner, the Court nonetheless must review the record as a
3 whole, "weighing both the evidence that supports and the evidence that
4 detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of
5 Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also*
6 Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is
7 responsible for determining credibility, resolving conflicts in medical
8 testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d
9 1035, 1039 (9th Cir. 1995).

11    The Court will uphold the Commissioner's decision when the evidence
12 is susceptible to more than one rational interpretation. Burch v.
13 Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may
14 review only the reasons stated by the ALJ in his decision "and may not
15 affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d
16 at 630; *see also* Connett, 340 F.3d at 874.  The Court will not reverse
17 the Commissioner's decision if it is based on harmless error, which
18 exists only when it is "clear from the record that an ALJ's error was
19 'inconsequential to the ultimate nondisability determination.'" Robbins
20 v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v.
21 Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d
22 at 679.

### DISCUSSION

26    Plaintiff claims that the ALJ did not properly consider and reject
27 the opinions of plaintiff's treating physicians, Elizabeth Yoo, M.D.,
28 and Donald D. Kim, M.D.  (Joint Stipulation ("Joint Stip.") at 3-6, 11-

13, 15-17.)

### I. The ALJ Failed To Set Forth Specific And Legitimate Reasons For Rejecting The Opinions Of Plaintiff's Treating Physicians.

It is the responsibility of the ALJ to analyze evidence and resolve conflicts in medical testimony. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(d).

The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to observe the claimant. Magallanes, 881 F.2d at 751. When a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). When contradicted by another doctor, as in this case, a treating physician's opinion may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. Id.

#### A. Dr. Elizabeth Yoo

On June 23, 2009, Dr. Elizabeth Yoo, a neurologist who treated

plaintiff for several years, completed a series of questionnaires regarding plaintiff's pain and need for rest, as well as his exertional and functional limitations. (A.R. 621-25.) In the Pain Questionnaire, Dr. Yoo noted that the pain suffered by plaintiff as a result of his medical condition was "severe," meaning that there was an "[e]xtreme impairment of [plaintiff's] ability to function." (A.R. 621.) Dr. Yoo also noted that plaintiff's pain would interfere "[c]onstantly (67-100% of the time)" with plaintiff's "ability to maintain attention and concentration to sufficiently complete tasks in a timely manner." Id. Dr. Yoo opined that plaintiff's symptoms and limitations have existed "at the same or similar degree of severity since [May 25, 2006]" but that plaintiff's impairment would never cause him to be absent from work. Id.

In the "Rest Questionnaire," Dr. Yoo opined that, "[b]ased on [her] diagnosis and findings, and assuming that [plaintiff] were to return to repetitive work activity allowing for a sit/stand option," plaintiff would need one 20 minute rest period per hour. (A.R. 622.) In the "Exertional Limitation Questionnaire," Dr. Yoo opined that plaintiff is incapable of sedentary work on a sustained and full-time basis. (A.R. 623.) Lastly, in the "Function Questionnaire - Upper Extremities," Dr. Yoo opined that plaintiff cannot use either upper extremity for "repetitive activity," "repetitive overhead reaching," "repetitive reaching activities at shoulder level or below on an occasional basis," "[g]ripping and/or grasping," "[p]ushing or pulling of arm controls,"

7

and/or "[f]ine manipulation" on an occasional basis.[4] (A.R. 624-25.) Dr. Yoo also opined that plaintiff: would not "be restricted from using vibratory tools"; "could comfortably lift/carry [up to 10 pounds] on an occasional basis"; cannot "perform repetitive activity requiring bilateral manual dexterity on a sustained basis"; and "should . . . avoid extreme hot or cold temperatures." (A.R. 625.)

In his decision, the ALJ rejects the opinion of Dr. Yoo in favor of that of non-examining, medical expert Arthur Lorber, M.D., an orthopedic surgeon, because: (1) "[t]he extreme limitations proposed by Dr. Yoo are not supported by the objective medical evidence"; (2) "the assessment of an individual's [RFC] is an issue reserved to the Commissioner"; and (3) Dr. Yoo's opinion was provided "within the discipline of California worker's compensation law," which applies a different disability standard than that provided by the Social Security Act, and thus, Dr. Yoo's opinion may be rejected outright.[5] (A.R. 30.)

The ALJ's first reason for rejecting the opinion of Dr. Yoo -- to wit, that her extreme limitations are not supported by the objective medical evidence -- is conclusory, because it does not state with any

---

[4] The Function Questionnaire - Upper Extremities defined "occasional" as "being up to 33% of the day, or up to once every three minutes." (A.R. 624.)

[5] While the Commissioner now offers other reasons to explain the ALJ's rejection of the opinion of Dr. Yoo, the Court cannot entertain these post hoc rationalizations. See, e.g., Orn, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely"); Connett, 340 F.3d at 874 (finding that "[i]t was error for the district court to affirm the ALJ's . . . decision based on evidence that the ALJ did not discuss").

8

specificity the particular "extreme limitations" and/or "objective medical evidence" to which he refers. Regennitter v. Comm'r of SSA, 166 F.3d 1294, 1299 (9th Cir. 1999)(noting that "conclusory reasons will not justify an ALJ's rejection of a medical opinion"); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim"). As such, the ALJ's reason cannot constitute a specific and legitimate reason for rejecting the opinion of Dr. Yoo.

The ALJ's second reason for rejecting the opinion of Dr. Yoo is also unavailing. While it is true that a treating physician's opinion on the matter of plaintiff's RFC is not determinative or entitled to special weight, "a treating physician's *medical* opinions are generally [entitled] to more weight." Boardman v. Astrue, 286 Fed. Appx. 397, 399 (9th Cir. 2008)(*citing* 20 C.F.R. § 404.1527(d)(2)). A medical opinion "'reflect[s] judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, *what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions.*'" Id. (*citing* 20 C.F.R. § 404.1527(a)(2); emphasis added). Here, as described in detail *supra*, beyond finding that plaintiff was incapable of sedentary work on a sustained and full-time basis, Dr. Yoo opined that plaintiff had significant pain, limitations, and restrictions resulting from his impairments. Rather than affording weight to Dr. Yoo's medical opinions regarding plaintiff's pain, limitations, and restrictions, the ALJ

9

apparently rejected them on the ground that Dr. Yoo rendered a non-dispositive opinion regarding plaintiff's RFC. The ALJ's reasoning, however, does not constitute a legitimate reason, as required, for rejecting Dr. Yoo's opinion. See Boardman, 286 Fed. Appx. at 399 (finding that "while [the fact that the treating physician expressed an opinion regarding Boardman's ultimate disability and residual functional] may be a specific reason to reject a treating physician's medical opinion, it is not a legitimate one").[6]

The ALJ's third reason for rejecting Dr. Yoo's opinion -- *to wit* that her opinion was rendered "within the discipline of California worker's compensation" and, thus, may be rejected outright -- is improper. An ALJ "may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding, or because it is couched in the terminology used in such proceedings." Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002)(*citing* Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984)(holding that by failing to consider medical reports submitted in state workers' compensation proceedings the ALJ failed to weigh all the evidence of record). Instead, "[t]he ALJ must 'translate' terms of art contained in [workers' compensation medical reports and] opinions into the corresponding Social Security terminology in order to accurately assess the implications of those opinions for the Social

---

[6] Moreover, while it is true that medical source opinions on issues reserved to the Commissioner, such as a claimant's RFC, are not determinative or entitled to special weight based on the source of the medical opinion, it is not true that the Commissioner is free to disregard this information. Social Security Ruling ("SSR") 96-8p, 1996 SSR LEXIS 5, at *21 n.8. Rather, the ALJ is instructed to consider such opinions in adjudicating a disability claim. *Id.*

10

Security disability determinations. *Id.* at 1106. Accordingly, to the extent the ALJ rejects Dr. Yoo's opinion because it was rendered in the context of workers' compensation proceedings, the ALJ's reasoning does not constitute a specific and legitimate reason for rejecting her medical opinion.

B. <u>Dr. Donald D. Kim</u>

In his decision, the ALJ rejects the opinion of orthopaedic surgeon Donald D. Kim, M.D., in favor of that of non-examining, medical expert Dr. Lorber, because: (1) Dr. Kim's "limitation [restricting plaintiff from pushing, pulling, and lifting objects greater than ten pounds] is excessive and not supported by the objective medical evidence"; and (2) Dr. Kim's opinion was provided "within the discipline of California worker's compensation laws," which applies a different disability standard than that provided by the Social Security Act, and thus, Dr. Kim's opinion may be rejected outright.[7] (A.R. 30.)

The ALJ's reasons for rejecting Dr. Kim's opinion are nearly identical to his reasons for rejecting Dr. Yoo's opinion. As with Dr. Yoo, the ALJ's first reason for rejecting Dr. Kim's opinion is conclusory and does not constitute a specific and legitimate reason, as required, for affording his opinion no weight. Likewise, as explained in detail *supra*, the mere fact that Dr. Kim's opinion was rendered "within the discipline of California worker's compensation laws," does

---

[7] While the Commissioner now offers other reasons to explain the ALJ's rejection of the opinion of Dr. Kim, the Court cannot entertain these post hoc rationalizations. (*See* Note 5, *supra*.)

11

not constitute a legitimate reason for rejecting Dr. Kim's opinion outright. Accordingly, the ALJ did not provide specific and legitimate reasons for rejecting the opinion of Dr. Kim.

**II. Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors.[8] *See, e.g.,*

---

[8] Plaintiff has requested that this Court credit as true the opinions of Drs. Yoo and Kim. (Joint Stip. at 7, 12-13, 16-17.) However, it is unclear to the Court whether the evidence, if credited as true, would require a finding of disability. The Court notes, for example, that notwithstanding Dr. Kim's finding that plaintiff should be restricted from pushing, pulling, and lifting objects greater than ten pounds, Dr. Kim reported plaintiff's current work status as follows: "[plaintiff] was released to modified duty, but the employer cannot accommodate modified work." (A.R. 345.) It is unclear, however, whether another job or work environment could accommodate plaintiff's modified work. Accordingly, the Court declines to credit the opinions

12

Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) (remand appropriate to remedy defects in the record). On remand, the ALJ must correct the above-mentioned deficiencies and errors. After doing so, the ALJ may need to reassess plaintiff's RFC, in which case additional testimony from a vocational expert likely will be needed to determine what work, if any, plaintiff can perform.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 1, 2012

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

of plaintiff's treating doctors as true. Vasquez v. Astrue, 547 F.3d 1101, 1106 (9th Cir. 2008); see Smolen v. Chater, 80 F.3d 1273, 1292 (remanding for an award of benefits when the ALJ improperly rejected the physicians' opinions, plaintiff's own symptom testimony, and lay witness testimony, and it was clear that a finding of disability was required after properly crediting this evidence as true).